IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**BILLY JOE CHAMBERS,**

                **Petitioner,**

     v.                                          **CASE NO. 10-3033-RDR**

**C. CHESTER,**

                **Respondent.**


**O R D E R**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner, a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN), proceeds pro se and has paid the $5.00 fee for filing a habeas corpus action.

In the petition as later amended, petitioner contends respondent has unlawfully denied petitioner a full year reduction of petitioner's sentence pursuant to 18 U.S.C. § 3621(e)(2)(B). Petitioner acknowledges he has not exhausted remedies through the formal administrative grievance procedure, but contends it would be futile to do so under the circumstances.

Petitioner additionally states he is seeking a preliminary injunction pursuant to Fed.R.Civ.P. 65(a) and 28 U.S.C. § 1331, for corrective action to be taken by Bureau of Prisons (BOP) officials, and invokes jurisdiction under 28 U.S.C. § 1343(4).

To the extent petitioner seeks habeas corpus relief under § 2241, the court takes judicial notice of petitioner's previous habeas action seeking relief on the same claim, and petitioner's

argument in that case that his failure to exhaust administrative remedies should be excused. The court disagreed, and dismissed that petition without prejudice. See *Chambers v. Chester*, Case No. 10-3018-RDR, dismissed without prejudice February 16, 2010. Petitioner filed no appeal. Instead, he submitted the instant action less than one week later, and amended his memorandum two weeks later to advance further argument that his exhaustion of administrative remedies should be excused given the relief sought would be rendered moot if he were required to fully exhaust available remedies.

For the reasons already stated in petitioner's earlier case, the court continues to find petitioner must first exhaust administrative remedies before seeking habeas corpus relief under § 2241, and concludes the instant petition should be dismissed without prejudice. The court further notes that petitioner's subsequent notification of his new address outside of Kansas strongly suggests his request for habeas relief may now be moot.

To the extent petitioner adds a separate request for injunctive relief under Fed.R.Civ.P. 65(a) and 28 U.S.C. § 1331, and invokes jurisdiction under 28 U.S.C. § 1343(4), this attempt to expand the petition beyond habeas corpus to seek declaratory or injunctive relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), is improper. See *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir.2005)(recognizing that district courts have jurisdiction over claims by federal prisoners seeking vindication of their constitutional rights and injunctive relief in a *Bivens* action under 28 U.S.C. § 1331). Such relief must be pursued in a separate civil action subject to a $350.00 district court filing fee, and to the provisions imposed by

2

28 U.S.C. §§ 1915 and 1915A on non-habeas civil actions filed in federal court by prisoners.  Petitioner is advised that exhaustion of administrative remedies would be required in such an action as well.  *Id*.

IT IS THEREFORE ORDERED that the amended petition seeking relief under 28 U.S.C. § 2241 is dismissed without prejudice, and that petitioner's pending motions (Docs. 2 and 6) are denied as moot.

DATED:  This 5th day of November 2010, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge